IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff/Respondent, § | |
| § | CRIMINAL ACTION NO. 2:12-1020 |
| v. § | |
| § | |
| MARTIN MALTA, § | |
|     Defendant/Movant. § | |

## MEMORANDUM OPINION AND ORDER

Defendant Martin Malta filed a motion under Rule 59(e) in which he requests reconsideration of the Court's dismissal of his Rule 60 motion. D.E. 60. For the same reasons set out in this Court's previous Order dated April 24, 2017, the Court dismisses Malta's present motion for lack of jurisdiction. Malta is also denied a certificate of appealability.

Malta complains in his current motion that this Court erred substantively when the Court determined that Malta's showing did not qualify for relief. The history of these proceedings is set out in this Court's previous Order dated April 24, 2017.

### ANALYSIS SECOND OR SUCCESSIVE MOTION

**A.     Federal Rule of Civil Procedure 59(e)**

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2017). To prevail on a Rule 59(e) motion, the movant must show at least one of

the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

A defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive § 2255 motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2255); *Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim must be considered second or successive. *Gonzalez*, 524 U.S. at 532.

**B.     Second or Successive § 2255 Motion**

Malta's motion does not claim a defect in the proceedings, instead he declares that the Court was wrong. If true, his remedy is by appeal.

Because Malta previously filed a § 2255 motion, he may not file a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000), the court held that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id.* at 869.

When a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This Court does not have jurisdiction over Malta's motion and it must be dismissed.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Malta has not yet filed a notice of appeal, the

§ 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The Court finds that Malta cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Malta's motion to alter or amend the judgment is construed as a second or successive § 22555 motion and is (D.E. 60) is DISMISSED. Malta is DENIED a Certificate of Appealability.

It is so ORDERED this 2nd day of June, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE